In the Matter of the CELOTEX CORPORATION, et al., Debtors.

The CELOTEX CORPORATION, et al., Plaintiffs,

v.

AIU INSURANCE COMPANY, et al., Defendants.

Bankruptcy Nos. 90–10016–8B1, 90–10017–8B1.
Adv. No. 91–40.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 23, 1993.

See also 149 B.R. 997.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for The Celotex Corp., et al.

Charles P. Schropp, Mark P. Buell, Schropp, Buell & Elligett, Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Mark H. Kolman, Karen L. Bush, Mark D. Silverschotz, Anderson Kill Olick & Oshinsky, New York City, for plaintiffs.

Sara Kistler, Asst. U.S. Trustee, John W. Kozyak, Kozyak Tropin Throckmorton & Humphreys, P.A., Miami, FL, for Asbestos Property Damage Claimants Committee.

Charles M. Tatelbaum, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, FL, for Creditors Committee of Unsecured Creditors.

William Knight Zewadski, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, FL, for Unofficial Asbestos Health Claim co-defendants Committee.

H.C. Goplerud, Honigman Miller Schwartz and Cohn, Tampa, FL, for Asbestos Health Claimants Committee.

James W. Greene, William E. Nowakowski, Bromley, Greene & Walsh, Washington, DC, for Columbia Cas. Co., Employers Ins. of Wausau, Federal Ins. Co., Protective National Ins. Co.

John A. Yanchunis, Blasingame, Forizs and Smiljanich, P.A., St. Petersburg, FL, for Continental Cas. Co., Citadel Gen. Assur. Co., Columbia Cas. Co., American Re–Insurance Co., Eric Reinsurance Co., Zurich American Ins. Co.

John E. Peer, Long & Levit, San Francisco, CA, for Continental Cas. Co., Transp. Ins. Co.

Katherine E. Rakowsky, Philip C. Stahl, Irving C. Faber, Margaret B. Jones, Grippo & Eldon, Chicago, IL, for American Ins. Co., Nat. Sur. Co.

Rolf E. Gilbertson, Paul L. Gingras, Zelle & Larson, Minneapolis, MN, Ronald L. Cohen, Seward & Kissel, New York City, Mary A. Lau, Robert J. Asti, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, for Employers Ins. Co. of Wausau.

George A. Vaka, Russell S. Buhite, Fowler White Gillen Boggs Villareal and Banker, P.A., Tampa, FL, for North Star Reinsurance Co.

Roger E. Warin, Daniel C. Sauls, John A. Flyger, Steptoe & Johnson, Washington, DC, for Highlands Ins. Co., Old Republic Ins. Co., St. Paul Surplus Lines Ins. Co.

James P. Schaller, Christine A. Nykiel, Jackson & Campbell, Washington, DC, for American Home Assur. Co., AIU Ins. Co., Granite State Ins. Co., Lexington Ins. Co., National Union Fire Ins. Co. of Pittsburgh, PA.

Thomas B. Mimms, Jr., MacFarlane Ferguson, Tampa, FL, for American Home Assur. Co., AUI Ins. Co., Highlands Ins. Co., Lexington Ins. Co., Old Republic Ins. Co., Granite State Ins. Co., National Union Fire Ins. Co. of Pittsburgh, PA, Employers Mut. Cas. Co., American Ins. Co., National Sur. Co., St. Paul Surplus Lines Ins. Co.

Elizabeth B. Sandza, Cynthia T. Andreason, Leboeuf, Lamb, Leiby & MacRae, Washington, DC, for Gibraltar Ins. Co., Hudson Ins. Co.

David C. McLauchlan, Lord Bissell & Brook, Chicago, IL, Deborah M. Paris, Paris & Hanna, P.A., Tampa, FL, for Lloyds of London.

Jack Willis, Allianz Underwriters Ins. Co., Los Angeles, CA, for Allianz Underwriters Ins. Co.

Lynn Bregman, David Donovan, John Siddeek, Wilmer Cutler & Pickering, Washington, DC, for Ins. Co. of North America, California Union Ins. Co.

Meryl R. Lieberman, Daniel W. Morrison, III, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for General Acc. Fire & Life Assur. Co.

William J. Bowman, Hogan & Hartson, Washington, DC, Robert H. Berkes, Barbara Hodous, Bodkin, McCarthy, Sargent & Smith, Los Angeles, CA, W. Gray Dunlap, Jr., Judith W. Simmons, De La Parte & Gilbert, Tampa, FL, for Hartford Indem. Co., Twin City Fire Ins. Co., First State Ins. Co.

Robert J. Bates, Jr., Maryann C. Hayes, Pope & John, Ltd., Chicago, IL, for Eric Reinsurance Co., American Re–Insurance Co., Zurich Ins. Co.

Virginia M. Vermillion, David Schroeder, Gleason, McGuire & Shreffler, Chicago, IL, for Employers Mut. Cas. Co., Allstate Ins. Co.

Wilson M. Brown, III, Lawrence A. Nathanson, Drinker Biddle & Reath, Philadelphia, PA, for American Motorists Ins. Co., Lumbermens Mut. Cas. Co.

Elizabeth G. Repaal, Harris Barrett Mann & Dew, St. Petersburg, FL, for Allstate Ins. Co.

Gregory J. Willis, Walton, Lantaff, Schroeder & Carson, Miami, FL, for Florida Ins. Guar. Co.

James E. Rocap, III, Cathy J. Burdette, Michael J. Barta, Miller, Cassidy, Larroca

& Lewin, Washington, DC, Mark M. Schabacker, Arnold, Morris, Frank & Schabacker, P.A., Tampa, FL, for Aetna Cas. & Sur. Co.

Rick Dalan, St. Petersburg, FL, for Royal Indem. Co.

Edward M. Waller, Jr., Fowler White Gillen Boggs Villareal and Banker, P.A., Tampa, FL, for American Motorists Ins. Co.

Louis Schulman, Butler Burnette & Pappas, Tampa, FL, for Continental Ins. Co., Intern. Ins. Co., U.S. Fire Ins. Co., The American Centennial Ins. Co.

Robert J. Kelly, McElroy Deutsch & Mulvaney, Morristown, NJ, for Intern. Ins. Co., U.S. Fire Ins. Co.

Susan B. Morrison, Morrison, Morrison & Gregory, P.A., Tampa, FL, Thomas J. Quinn, William J. Cleary, Mendes & Mount, New York City, for Barrett and London Market Companies.

William E. McGrath, Jr., Golden, Rothschild, Spagnola & Difazio, Somerville, NJ, Michael M. Ingram, John A.C. Guyton, III, Alley & Ingram, Tampa, FL, for Transport Ins. Co.

Michael F. Aylward, Morrison, Mahoney & Miller, Boston, MA, Benjamin H. Hill, III, Dennis P. Waggoner, Hill, Ward & Henderson, Tampa, FL, for Transamerican Premier Ins. Co.

Warren D. Hamann, James F. Asher, Kimbrell & Hamann, Miami, FL, Michael Gallagher, German, Gallagher & Murtagh, Philadelphia, PA, for Stonewall Ins. Co.

## ORDER DENYING DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT DECLARING THAT EACH POLICY AT ISSUE IS TRIGGERED BY BODILY INJURY OR PROPERTY DAMAGE DURING THE POLICY PERIOD

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon Debtor's[1] Motion for Partial Summary

---

1. The Celotex Corporation and Carey Canada Inc. (collectively referred to as "Debtor") brought this adversary proceeding against numerous insurance companies and insurance syndicates (collectively referred to as "the Insurance Company").

Judgment Declaring that Each Policy at Issue Is Triggered by Bodily Injury or Property Damage During the Policy Period. The Court, having heard the argument of counsel and having reviewed the record, finds as follows:

The instant Motion seeks what Debtor characterizes as a very simple declaration that the insurance policies at issue provide coverage for damages on account of bodily injury or property damage which occur during the policy periods. Given the nature of asbestos-related bodily injury claims, asbestos-related property damage claims, and environmental claims, Debtor contends bodily injury or property damage may have occurred continuously over the course of numerous policy periods. Thus, Debtor seeks a ruling that asbestos-related bodily injury, asbestos-related property damage, and environmental contamination occur on a continuous basis from time of first exposure (whether as a result of inhalation or installation of asbestos or release of a contaminant into the environment) through the time of manifestation of the injury or damage and coverage is triggered for any insurance policy in effect during the intervening time period between first exposure and manifestation.

The Insurance Company counters that Debtor's allegation that bodily injury or property damage or environmental contamination "may have occurred" continuously over the course of numerous policy periods is not sufficient. The Insurance Company contends the unambiguous policy language and applicable law[2] require Debtor to demonstrate factually injury or damage or contamination during the applicable policy periods. According to the Insurance Company, the applicable law, at best, provides the insurance policies in effect at the time of exposure and at the time of manifestation would be triggered but those insurance policies in effect only in the intervening years between exposure and manifestation would not be triggered. Moreover, the Insurance Company contends, there is no factual support that asbestos-related bodily injury, asbestos-related property damage, and environmental contamination progress continuously from time of first exposure through time of manifestation.

In general, the policies at issue provide coverage for damages arising out of bodily injury or property damage caused by an occurrence. An occurrence is defined as an accident, including injurious exposure to conditions, which results during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured. Thus, the main issue is *when* bodily injury or property damage resulted.

■ Debtor urges this Court to follow *Keene Corp. v. Insurance Co. of N. Am.,* 667 F.2d 1034 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1007, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982), and *ACandS, Inc. v. Aetna Cas. & Sur. Co.,* 764 F.2d 968 (3d Cir.1985), both of which adopted the continuous trigger of coverage.[3]

---

**2.** Under the Court's Order granting motion for partial summary judgment on choice of law, entered November 24, 1992, *lex loci contractus* (the law of the jurisdiction where the contract is executed) is the appropriate choice of law in contract interpretation actions. Accordingly, the laws of the states of Florida, Illinois, New York, and Ohio govern disposition of this Motion.

**3.** There are generally four distinct theories of insurance coverage trigger:
(1) the exposure theory (encompassing exposure for bodily injury claims, installation for property damage claims, and disposal or leakage of the contaminant for environmental claims) (*see, e.g., Insurance Co. of N. Am. v. Forty–Eight Insulations, Inc.,* 633 F.2d 1212 (6th Cir.1980), *cert. denied,* 454 U.S. 1109, 102 S.Ct.

686, 70 L.Ed.2d 650 (1981); *Porter v. American Optical Corp.,* 641 F.2d 1128 (5th Cir.), *cert. denied,* 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981); *Commercial Union Ins. Co. v. Sepco Corp.,* 765 F.2d 1543 (11th Cir.1985); *Continental Ins. Cos. v. Northeastern Pharmaceutical & Chem. Co.,* 842 F.2d 977 (8th Cir.), *cert. denied,* 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988));
(2) the injury-in-fact theory (encompassing injury-in-fact for bodily injury claims and property damage claims and disposal or leakage of the contaminant for environmental claims) (*see, e.g., American Home Prods. Corp. v. Liberty Mut. Ins. Co.,* 748 F.2d 760 (2d Cir.1984); *W.R. Grace & Co. v. Continental Cas. Co.,* 896 F.2d 865 (5th Cir.1990); *New York v. Amro Realty Corp.,* 697 F.Supp. 99 (N.D.N.Y.1988));

Although not making any finding as to when bodily injury or property damage may have occurred, this Court finds this issue is not appropriate for summary judgment. Debtor has not cited a single reported decision in the relevant jurisdictions, nor has this Court found any reported decisions in the relevant jurisdictions, which adopt Debtor's theory of a continuous trigger of coverage for asbestos-related bodily injury claims, asbestos-related property damage claims, or environmental claims. Indeed, the relevant jurisdictions which have considered the issue adopt other triggers of coverage. *See, e.g., UNR Indus. v. Continental Cas. Co.*, 942 F.2d 1101, 1107 n. 2 (7th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1586, 118 L.Ed.2d 305 (1992), citing *Zurich Ins. v. Raymark Indus.*, 118 Ill.2d 23, 112 Ill.Dec. 684, 694–695, 514 N.E.2d 150, 160–161 (1987) (both exposure and manifestation are triggers for asbestos-related bodily injury under Illinois law, and continuous trigger is specifically rejected); *Abex Corp. v. Maryland Cas. Co.*, 790 F.2d 119, 121 (D.C.Cir.1986) (injury-in-fact is the trigger for asbestos-related bodily injury under New York law); *Eagle–Picher Indus. v. Liberty Mut. Ins. Co.*, 682 F.2d 12, 25 (1st Cir.1982), *cert. denied*, 460 U.S. 1028, 103 S.Ct. 1279, 75 L.Ed.2d 500 (1983) (manifestation is the trigger for asbestos-related bodily injury under Ohio law); *United States Fidelity & Guar. Co. v. Wilkin Insulation Co.*, 144 Ill.2d 64, 161 Ill.Dec. 280, 578 N.E.2d 926 (1991) (release of asbestos fibers, not installation of the asbestos-containing material, is the trigger for asbestos-related property damage under Illinois law); *Maryland Cas. Co. v. W.R. Grace & Co.*, 794 F.Supp. 1206, 1226 (S.D.N.Y.1991) (discovery is the trigger for asbestos-related property damage under New York law); *Savoy Medical Supply Co. v. F & H Mfg. Corp.*, 776 F.Supp. 703, 710 (E.D.N.Y.1991) (injury-in-fact is the trigger for environmental claims under New York law).[4]

■ Summary judgment is only appropriate if there is no genuine issue as to any material fact and the moving party is enti-

(3) the manifestation theory (encompassing manifestation for bodily injury claims, discovery for property damage claims, and discovery of the disposal or leakage of the contaminant for environmental claims) (*see, e.g., Eagle–Picher Indus. v. Liberty Mut. Ins. Co.*, 682 F.2d 12 (1st Cir.1982), *cert. denied*, 460 U.S. 1028, 103 S.Ct. 1279, 75 L.Ed.2d 500 (1983); *Mraz v. Canadian Universal Ins. Co.*, 804 F.2d 1325 (4th Cir. 1986)); and

(4) the continuous trigger or triple trigger or multiple trigger theory (covering the entire period from first exposure or installation or disposal or leakage through ultimate manifestation or discovery or clean-up for bodily injury claims, property damage claims, and environmental claims) (*see, e.g., Keene Corp. v. Insurance Co. of N. Am.*, 667 F.2d 1034 (D.C.Cir.1981), *cert. denied*, 455 U.S. 1007, 102 S.Ct. 1644, 71 L.Ed.2d 875 (1982); *Lac D'Amiante, Ltee. v. American Home Assur. Co.*, 613 F.Supp. 1549 (D.N.J.1985), *vacated as to insolvent defendant only*, 864 F.2d 1033 (3d Cir.1988)).

Commentators generally agree that when courts are not otherwise bound by precedent, the theory of coverage adopted is the theory that will provide maximum insurance coverage.

*See, generally*, John P. Arness & Randall D. Eliason, *Insurance Coverage for "Property Damage" in Asbestos and Other Toxic Tort Cases*, 72 Va.L.Rev. 943, 944–945 (1986); *Development in the Law—Toxic Waste Litigation: VIII. Bankruptcy and Insurance Issues*, 99 Harv.L.Rev. 1573, 1579–1581 (1986); Stephen V. Nielsen, *The "Second Wave" of Asbestos Litigation (Property Damage): Who Writes the Check Now?*, 7 Cooley L.Rev. 491 (1990).

4. The parties have not cited, nor has this Court identified, a single reported decision determining trigger of coverage with respect to latent harm situations under Florida law. *Trizec Properties v. Biltmore Constr. Co.*, 767 F.2d 810 (11th Cir.1985), suggests injury-in-fact may be the trigger with respect to property damage in Florida. Yet *Trizec* does not speak with sufficient certainty that this Court is willing to hold that injury-in-fact is the trigger in Florida. *See Porter v. American Optical Corp.*, 641 F.2d 1128, 1145 (5th Cir.), *cert. denied*, 454 U.S. 1109, 102 S.Ct. 686, 70 L.Ed.2d 650 (1981), binding precedent on this Court, in which the Fifth Circuit held, with respect to bodily injury, "occurrence" policies are triggered by injurious exposure. Although the Fifth Circuit purported to apply Louisiana law, the court relied solely on *Insurance Co. of N. Am. v. Forty–Eight Insulations, Inc.*, 633 F.2d 1212 (6th Cir.1980), and the language of the insurance policies, language not significantly different from that relied on by Debtor here. *See, also*, the legislative pronouncement in Fla.Stat. § 440.151(5) adopting the last injurious exposure theory of trigger with respect to occupational diseases, including dust diseases, under the Workers' Compensation Law. *Cf. Grissom v. Commercial Union Ins. Co.*, 610 So.2d 1299, 1306 (Fla. 1st DCA Dec. 22, 1992).

tled to a judgment as a matter of law. Fed.R.Bankr.P. 7056(c). It appears none of the relevant jurisdictions have ever accepted the continuous trigger of coverage theory. While this Court might adopt a continuous trigger philosophy associated with a risk distribution concept, the Court is reluctant to create one out of whole cloth in the absence of a state-countenanced position. Consequently, Debtor's Motion for Partial Summary Judgment Declaring that Each Policy at Issue Is Triggered by Bodily Injury or Property Damage During the Policy Period must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Debtor's Motion for Partial Summary Judgment Declaring that Each Policy at Issue Is Triggered by Bodily Injury or Property Damage During the Policy Period is denied.

DONE AND ORDERED.